L.B.F. 3015.1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In re: | Anslem, Dayshawn Dametrie | Chapter | 13 |
| | | Case No. | 23-12424-amc |
| | Debtor(s) | | |

# Chapter 13 Plan

☑ Original
☐ _____ Amended

Date: 09/20/2023

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

---

**Part 1: Bankruptcy Rule 3015.1(c) Disclosures**

☐ Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

---

**Part 2: Plan Payment, Length and Distribution –** *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE*

**§ 2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:** __60__ months.

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") __$14,900.00__
Debtor shall pay the Trustee __$150.00__ per month for __1__ months and then
Debtor shall pay the Trustee __$250.00__ per month for the remaining __59__ months;

**or**

Debtor shall have already paid the Trustee _____ through month number _____ and
then shall pay the Trustee _____ per month for the remaining _____ months.

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c) Alternative treatment of secured claims:**

☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

**§ 2(e) Estimated Distribution:**

| | | | | |
|---|---|---|---|---:|
| A. | Total Priority Claims (Part 3) | | | |
| | 1. | Unpaid attorney's fees | $ | 3,475.00 |
| | 2. | Unpaid attorney's costs | $ | 0.00 |
| | 3. | Other priority claims (e.g., priority taxes) | $ | 0.00 |
| B. | | Total distribution to cure defaults (§ 4(b)) | $ | 3,798.00 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | | $ | 0.00 |
| D. | Total distribution on general unsecured claims(Part 5) | | $ | 4,640.00 |
| | | Subtotal | $ | 11,913.00 |
| E. | | Estimated Trustee's Commission | $ | 2,987.00 |
| F. | | Base Amount | $ | 14,900.00 |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☑ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ 4,725.00, with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

## Part 3: Priority Claims

**§ 3(a)** Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---:|
| Cibik Law, P.C. | | Attorney Fees | $4,625.00 |

**§ 3(b)** Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

2

| **Part 4:** | **Secured Claims** |
|---|---|

### § 4(a) Secured Claims Receiving No Distribution from the Trustee:

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| ☑ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law.<br><br>Citadel FCU | | 2018 Mercedes C300 |

### § 4(b) Curing default and maintaining payments

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| PennyMac Loan Services, LLC (Arrearage) | | 7661 Fillmore St Philadelphia, PA 19111-2414 | $3,798.00 |

### § 4(c) Allowed secured claims to be paid in full: based on proof of claim or preconfirmation determination of the amount, extent or validity of the claim

☑ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

### § 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

### § 4(e) Surrender

☑ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

### § 4(f) Loan Modification

☑ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of _____ per month, which represents _____ (*describe basis of adequate protection payment*). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

| **Part 5:** | **General Unsecured Claims** |
|---|---|

### § 5(a) Separately classified allowed unsecured non-priority claims

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

### § 5(b) Timely filed unsecured non-priority claims

*(1)* Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $ _____ for purposes of § 1325(a)(4) and plan provides for distribution of $ _____ to allowed priority and unsecured general creditors.

*(2)* Funding: § 5(b) claims to be paid as follows *(check one box)*

☑ Pro rata

☐ 100%

☐ Other (Describe) _____

## Part 6: Executory Contracts & Unexpired Leases

☐ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
| BMW Financial Services |  | Auto Lease | Lease assumed. Trustee to pay creditor arrears of $4,640.08 before end of month 17. Debtor to make all payments coming due post-petition directly to creditor. |

## Part 7: Other Provisions

### § 7(a) General principles applicable to the Plan

*(1)* Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

### § 7(c) Sale of Real Property

☑ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1:** Trustee Commissions*
**Level 2:** Domestic Support Obligations
**Level 3:** Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☑ **None.** If "None" is checked, the rest of Part 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date: 09/20/2023

/s/ Michael A. Cibik
Michael A. Cibik
Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date:

Dayshawn Dametrie Anslem
Debtor

Date:

Joint Debtor

5

**United States Bankruptcy Court**
**Eastern District Of Pennsylvania**

In re  Anslem, Dayshawn Dametrie                    Case No.  23-12424-amc

                                                    Chapter   13

Debtor(s)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following document(s):

**Chapter 13 Plan**

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid, on   09/20/2023   .

Dated:     09/20/2023

/s/ Michael A. Cibik
Michael A. Cibik
Debtor or Debtor's(s') Counsel
Bar Number: 23110
Cibik Law, P.C.
1500 Walnut Street Suite 900
Philadelphia, PA 19102
Phone: (215) 735-1060
Email: mail@cibiklaw.com

| | | |
|---|---|---|
| **Affirm, Inc.**<br>Attn: Bankruptcy Attn: Bankruptcy<br>30 Isabella St , Floor 4<br>Pittsburgh, PA 15212 | **American Heritage Federal Credit Union**<br>Attn: Bankruptcy 2060 Red Lion Road<br>Philadelphia, PA 19115 | **AmSher Collection Services**<br>4524 Southlake Parkway Suite 15<br>Birmingham, AL 35244 |
| **Aspire Credit Card**<br>Attn: Bankruptcy<br>PO Box 105555<br>Atlanta, GA 30348-5555 | **Bank of America**<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa, FL 33634 | **Barclays**<br>Attn: Bankruptcy<br>PO Box 8801<br>Wilmington, DE 19899-8801 |
| **BMW Financial Services**<br>Attn: Bankruptcy<br>PO Box 3608<br>Dublin, OH 43016-0306 | **Capital One**<br>P.O. Box 30285<br>Salt Lake City, UT 84130 | **Capital One/Walmart**<br>Attn: Bankruptcy<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 |
| **CFNA/Credit First Natl Assoc**<br>Attn: Bankruptcy<br>PO Box 81315<br>Cleveland, OH 44181-0315 | **Cibik Law, P.C.**<br>1500 Walnut Street Suite 900<br>Philadelphia, PA 19102 | **Citadel FCU**<br>Attn: Bankruptcy 520 Eagleview Blvd<br>Exton, PA 19341 |

Debtor  Anslem, Dayshawn Dametrie                                    Case number  23-12424-amc

**Citi Card/Best Buy**
Attn: Citicorp Cr Srvs Centralized Bky
PO Box 790040
St Louis, MO 36179-0040

**Citibank/The Home Depot**
dept St Louis,
Citicorp Credit Srvs/
PO Box 790034
Centralized BkMO63179

**City of Philadelphia**
Municipal Services Building
1401 John F Kennedy Blvd 5th Floor
Philadelphia, PA 19102-1640

**City of Philadelphia**
Parking Violation Branch
PO Box 41819
Philadelphia, PA 19101-1819

**Comenity Bank/Express**
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

**Comenity Bank/Victoria Secret**
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

**Comenity Bank/Zales**
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

**Comenity/BBBaby**
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

**Comenity/Carter**
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

**Comenity/MPRC**
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

**Continental Finance Company**
Attn: Bankruptcy
PO Box 8099
Newark, DE 19714-8099

**Credit One Bank**
Attn: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193

**Discover Financial**
Attn: Bankruptcy
PO Box 3025
New Albany, OH 43054

**Dsnb Bloomingdales**
Attn: Recovery "Bk"
PO Box 9111
Mason, OH 45040

**Fortiva**
Attn: Bankruptcy
PO Box 105555
Atlanta, GA 30348

**Genesis FS Card Services**
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

**Goldman Sachs Bank USA**
Attn: Bankruptcy
PO Box 70379
Philadelphia, PA 19176

**Huntingdon Valley Bank**
2617 Huntingdon Valley Pike
Huntingdon Valley, PA 19006

**Internal Revenue Service**
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

**Lendmark Financial Services**
Attn: Bankruptcy Attn: Bankruptcy
1735 North Brown Rd , Ste 300
Lawrenceville, OH 30043

**Macys/fdsb**
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

**Mariner Finance**
Attn: Bankruptcy 8211 Town Center Drive
Nottingham, MD 21236

**Mercedes - Benz Financial Services**
Attn: Bankruptcy
P.O. Box 685
Roanoke, TX 76262

**Nissan Motor Acceptance Corp/Infiniti**
Attn: Bankruptcy
PO Box 660360
Dallas, TX 75266-0360

**OneMain Financial**
PO Box 3251
Evansville, IN 47731-3251

**Peco Energy**
2301 Market St N 3-1
Philadelphia, PA 19103-1338

**Pennsylvania Attorney General**
16th Floor, Strawberry Square
Harrisburg, PA 17120

Debtor  Anslem, Dayshawn Dametrie                                    Case number  23-12424-amc

**Pennsylvania Department of Revenue**
Bankruptcy Division
1 Revenue Pl
Harrisburg, PA 17129-0001

**Pennsylvania Office of General Counsel**
333 Market St Fl 17
Harrisburg, PA 17101-2210

**PennyMac Loan Services, LLC**
Po Box 514387
Los Angeles, CA 90051-4387

**Petal Card Inc**
Attn: Bankruptcy
MSC _ 166931 PO Box 105168
Atlanta, GA 30348

**PGW**
Legal
800 W. Montgomery Avenue Dept. 4th Floor
Philadelphia, PA 19122

**Philadelphia Co Drs**
34 S 11th St Rm 304
Philadelphia, PA 19107

**Philadelphia Municipal Court**
Traffic Division
800 Spring Garden Street
Philadelphia, PA 19123

**Philadelphia Parking Authority**
Bankruptcy Department
701 Market St
Philadelphia, PA 19106-1538

**Sunbit**
Attn: Bankruptcy 10880 Wilshire Blv Suite 870
Los Angeles, CA 90024

**Sunrise Credit Services, Inc.**
Attn: Bankruptcy 260 Airport Plaza
Farmingdale, NY 11735

**Syncb/car Care Pep B**
Attn: Bankruptcy
P.O. Box 965060
Orlando, FL 32896-5060

**Synchrony Bank**
Attn: Bankruptcy Dept.
PO Box 965064
Orlando, FL 32896-5064

**Synchrony Bank/Amazon**
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

**Synchrony Bank/Care Credit**
Attn: Bankruptcy Dept
PO Box 965064
Orlando, FL 32896-5060

**Synchrony Bank/Lowes**
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

**Target NB**
C/O Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440

**Trumark Financial Credit Union**
Attn: Bankruptcy 335 Commerce Dr
Fort Washington, PA 19034

**U.S. Attorney, Eastern District of Pa.**
615 Chestnut St Ste 1250
Philadelphia, PA 19106-4404

**U.S. Bankcorp**
Attn: Bankruptcy
800 Nicollet Mall
Minneapolis, MN 55402-7000

**U.S. Department of Justice**
950 Pennsylvania Ave NW
Washington, DC 20530-0009

**Uplift, Inc.**
Attn: Bankruptcy
440 N Wolfe Rd
Sunnyvale, CA 94085